McGREGOR W. SCOTT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE MANUEL NAVARRO, <br><br> Defendant. | CASE NO. 2:19-CR-134-JAM <br><br> STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER <br><br> DATE: June 16, 2020 <br> TIME: 9:30 a.m. <br> COURT: Hon. John A. Mendez |

This case was previously set for a status hearing on May 12, 2020. On April 22, 2020, citing the Court's General Orders addressing the COVID-19 pandemic, the Court continued this hearing until June 16, 2020 at 9:15 a.m. For the reasons set forth below, the parties now request to exclude time between the May 12, 2020 and June 16, 2020.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.  By previous order, this matter was set for status hearing on May 12, 2020. On April 22, 2020, the Court continued the case to June 16, 2020 at 9:15 a.m., citing the Court's General Orders addressing the COVID-19 pandemic.

2.  By this stipulation, defendant now moves to exclude time between May 12, 2020, and June 16, 2020, under Local Code T4.

3.  The parties agree and stipulate, and request that the Court find the following:

   a)  The government has represented that the discovery associated with this case includes law enforcement reports, photographs, and several hours of audio and video recordings. Much of this discovery is in the Spanish language. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b)  On March 16, 2020, the Court approved the defendant's request to substitute Mr. Victor Sherman and Mr. David W. Dratman as the defendant's new attorneys of record, in place of the defendant's previous counsel.

   c)  Counsel for defendant desire time to review the existing discovery in this case, consult with their client, discuss potential resolutions with their client, and otherwise prepare for trial.

   d)  Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   e)  The government does not object to the continuance.

   f)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   g)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 12, 2020 to June 16, 2020,

inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 12, 2020                                   McGREGOR W. SCOTT
                                                                          United States Attorney


                                                                          /s/ ADRIAN T. KINSELLA
                                                                          ADRIAN T. KINSELLA
                                                                          Assistant United States Attorney


Dated:  May 11, 2020                                   /s/ DAVID W. DRATMAN
                                                                          DAVID W. DRATMAN
                                                                          Counsel for Defendant
                                                                          JOSE MANUEL NAVARRO
                                                                          (as authorized May 11, 2020)


**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 12th day of May, 2020.

                                                                          /s/ John A. Mendez
                                                                          THE HONORABLE JOHN A. MENDEZ
                                                                          UNITED STATES DISTRICT COURT JUDGE