1  MᴄGREGOR W. SCOTT
   United States Attorney
2  ADRIAN T. KINSELLA
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8
                   IN THE UNITED STATES DISTRICT COURT
9
                   EASTERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,          CASE NO.  2:19-CR-134-JAM

12                    Plaintiff,       STIPULATION REGARDING EXCLUDABLE
                                       TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                    v.               FINDINGS AND ORDER

14 JOSE MANUEL NAVARRO,               DATE: June 16, 2020
                                       TIME: 9:30 a.m.
15                    Defendant.       COURT: Hon. John A. Mendez

16

17        This case is set for a status hearing on June 16, 2020.  On May 13, 2020, this Court issued

18 General Order 618, which suspends all jury trials in the Eastern District of California "until further

19 notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21 judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22 May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23 were entered to address public health concerns related to COVID-19.

24        On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

25 Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

26 continue all criminal matters to a date after June 1.  This and previous General Orders were entered to

27

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME            1
   PERIODS UNDER SPEEDY TRIAL ACT

1   address public health concerns related to COVID-19.

2          Although the General Orders and declarations of emergency address the district-wide health

3   concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

4   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

5   findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

6   record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

7   failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

8   (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

9   findings on the record "either orally or in writing").

10         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

11   and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

12   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

13   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

14   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

15   § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

16   the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

17   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

18         The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

19   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

20   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

21   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

22   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

23   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

24   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

25   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

26   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

27   by the statutory rules.

28         In light of the societal context created by the foregoing, this Court should consider the following

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

2   justice exception, § 3161(h)(7) (Local Code T4). [2] If continued, this Court should designate a new date

3   for the status hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

4   continuance must be "specifically limited in time").

5                                                    **STIPULATION**

6       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

7   through defendant's counsel of record, hereby stipulate as follows:

8       1.      By previous order, this matter was set for status hearing on June 16, 2020.

9       2.      By this stipulation, defendant now moves to continue the status conference until August

10  18, 2020 at 9:15 a.m.,  and to exclude time between June 16, 2020, and August 18, 2020, under 18

11  U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4]

12      3.      By this stipulation, defendant now moves to exclude time between June 16, 2020, and

13  August 18, 2020, under Local Code T4.

14      4.      The parties agree and stipulate, and request that the Court find the following:

15          a)      The government has represented that the discovery associated with this case

16  includes law enforcement reports, photographs, and several hours of audio and video recordings.

17  Much of this discovery is in the Spanish language.  All of this discovery has been either

18  produced directly to counsel and/or made available for inspection and copying.

19          b)      On March 16, 2020, the Court approved the defendant's request to substitute Mr.

20  Victor Sherman and Mr. David W. Dratman as the defendant's new attorneys of record, in place

21  of the defendant's previous counsel.

22          c)      Counsel for defendant desire additional time to review the existing discovery in

23  this case, consult with their client, discuss potential resolutions with their client, and otherwise

24  prepare for trial.

25          d)      Counsel for defendant believes that failure to grant the above-requested

26  continuance would deny him/her the reasonable time necessary for effective preparation, taking

27

28
    ---
    [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1    into account the exercise of due diligence.

2            e)       The government does not object to the continuance.

3            f)       Based on the above-stated findings, the ends of justice served by continuing the

4    case as requested outweigh the interest of the public and the defendant in a trial within the

5    original date prescribed by the Speedy Trial Act.

6            g)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

7    et seq., within which trial must commence, the time period of June 16, 2020 to August 18, 2020,

8    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

9    because it results from a continuance granted by the Court at defendant's request on the basis of

10   the Court's finding that the ends of justice served by taking such action outweigh the best interest

11   of the public and the defendant in a speedy trial.

12   5.       Nothing in this stipulation and order shall preclude a finding that other provisions of the

13   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

14   must commence.

15   IT IS SO STIPULATED.

16

17   Dated:  June 11, 2020                          MCGREGOR W. SCOTT
                                                    United States Attorney
18

19                                                  /s/ ADRIAN T. KINSELLA
                                                    ADRIAN T. KINSELLA
20                                                  Assistant United States Attorney

21

22   Dated:  June 11, 2020                          /s/ DAVID W. DRATMAN
                                                    DAVID W. DRATMAN
23                                                  Counsel for Defendant
                                                    JOSE MANUEL NAVARRO
24                                                  (as authorized June 11, 2020)

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME          4
PERIODS UNDER SPEEDY TRIAL ACT

1

**FINDINGS AND ORDER**

2

IT IS SO FOUND AND ORDERED this 12th day of June, 2020.

3

4

_/s/ John A. Mendez_
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1